## Reuben Hoyt & others *vs.* Elijah B. Stoddard.

An assignee in insolvency does not become liable for rent of premises demised to his insolvent debtor, merely by accepting the trust and receiving a deed of assignment of the debtor's estate.

Contract against the assignee in insolvency of Hartford Stoddard, for rent of premises demised to the latter. At the trial in the superior court, upon agreed facts, which are stated in the opinion, *Morton*, J. rendered judgment for the defendant, and the plaintiffs appealed.

*P. C. Bacon*, for the plaintiffs.

*E. B. Stoddard*, for the defendant, was not called upon.

Bigelow, C. J. This action cannot be maintained. Although by operation of law the right or title to demised premises under a lease passes to the assignee of an insolvent debtor, yet he is not chargeable for rent unless he actually enters upon and enjoys the estate, or does some other act indicating an acceptance of the lease. The interest which passes to an assignee in insolvency is by force of the statute for the purpose of effecting the great object of distributing the property of an insolvent equally among his creditors. An assignee, therefore, is not bound to accept a lease, which in consequence of the amount of rent reserved in the covenants to be kept by the lessee, would prove a burden on the estate in his hands and diminish the assets to be distributed among the creditors. In such case, he may regard it as being (to borrow the language of the civil law) in the nature of a *damnosa hereditas*, and, by omitting to accept it, he can avoid all liability arising under the covenants. The distinction between an assignee by deed and by operation of law is this: the former becomes liable without entry, by accepting the deed, while the latter is chargeable only by actual proof of entry, or other unequivocal proof of an acceptance of the lease. *Bourdillon* v. *Dalton*, Peake R. 238 ; S. C. 1 Esp. 233. *Turner* v. *Richardson*, 7 East, 335. *Wheeler* v. *Bramah*, 3 Camp. 340. *Copeland* v. *Stephens*, 1 B. & Ald. 593, 604. In the case at bar

there is no evidence to show that the defendant has ever entered on the estate demised to the insolvent, or otherwise made himself liable for rent. *Judgment for defendant.*